I think you meant to say you may proceed. Thank you. Your honor. Okay. Corrected my typo page 36 of the state's brief footnote 5. State asserts there is no need to confirm. In April, 2021, whether defendant wish to continue pro se state stands by that, but it would further note that the trial court did in fact, confirm that he wanted to. Pages 15 and 17 of the defendant's reply brief. And an argument today, he said that a 401 a wasn't administered at the right time. But under Hayes, Hayes indicates it's the most significant consideration is whether. It was whether the rule is substantially complied with at the time when the defendant was actually considering waiving counsel and that's what occurred here. At the pre trial hearing on August 17, and then I think the trial court followed up on the 24th on the 17. He delineated all the charges they discussed a home invasion. But he couldn't recall, he just said the lesser offenses have lesser sentences and then maybe caught up with himself in a week later. He said, I want to go over those with you. So, as just as Vaughn noted, I think once the case was pretty clear that once the most significant crime and penalties are expressed, and the rest don't really matter. And the trial court did try to talk to defend it out of it. I would note that as well. The defendant on pages 4 and 9 reply brief. Contends that because his, he did file some futile motions. So, he lacks sophistication in that sense, but that's kind of a subjective tricky word on the sophistication. And some of the older cases, they, the factor is. Whether he has experience in the criminal justice system, whether he's a criminal experience defendant. For lack of a better term, and that's why the state put out his. Criminal history at the beginning of the brief, just to show this is not as 1st rodeo. The defendant suggests on pages 5 and 7 and 15 of the reply brief and again, or argument today that. The trial court had some duty to explain. Good sentencing credit, or whether the convictions were merged. It's the state's position and I don't believe those arguments for raising the initial brief, but it's state's position that. The trial court was under no obligation to do those things. Because the trial courts are even obligated to do those things when a defendant pleads guilty. Pursuant to 4 to a, and the state would say. People versus frizzen 3, 6, 5. Elap 3rd 932 in support of that. My notes say had notes 4 through 9 and subsequent treatment. Mr. Marshall, some of the cases that talk about 401 and substantial compliance. It seems to turn on the sophistication of the defendant and here. As Mr. Whitney points out, this guy is not very sophisticated. He, he has an unrealistic expectation. He's going to hire. He makes a mess of his sentencing hearing. He argues the wrong things and at the wrong times. So. Well, what would you, how would you comment on his sophistication? It seems to me to be not very sophisticated, which would go against substantial compliance. Well, I think he, he didn't do a bad job of sentencing hearing. He's a witness. He made his points, made a correction to the is a minor correction. Um, so you think he was sophisticated? I think he was sophisticated and this is something that. Passes my mind from time to time, because he did claim for 6 months that he was going to hire Hopkins. I think the state represented at least once, maybe twice. They had talked to Hopkins. He wasn't interested. And at 1 point, he said, I'm going to hire Paul Christianson. I think. And then they had to advise him that he. No longer alive, so I think there are some themes here that you can detect from the record and a lot of it, I think, are delays and that's what gets into the 2nd issue. When the trial court denied his request for continuance by that time. I think that the trial court, he said it on the record. I believe this is a late tactic. He suggested it was before all these things might have been delay tactics. I don't know the motive behind his motion to suppress that. He filed post trial. I can't imagine he thought that that maybe he's crazy like a fox or is just thrown in the kitchen sink. But whether someone sophisticated, like I said, that's tricky. 57 days upon 60 was request was unreasonable. Yeah, I think that the trial court, because he didn't have ready, willing, available counsel at that point that he didn't have to give him any continuance. He had talked to him about it before. The defendant made these claims about takes me at least 60 days to get on the phone. And then, when he showed up in April, when the sentencing hearing finally kicked off, I think he. He indicated, well, I was going to hire a private attorney, but they tampered with my mail and I wasn't able to. So, I'm not sure what a trial court is expected to believe as these things proceed on and the time he requested the 60 day continuance was, was he housed in the county jail or was he being housed at DOC from a prior sentence? I don't know. That's a good point. Because I have encountered cases where I got the sense that they were just trying to delay their transfer to. I don't know if he had already he had been sentenced in white county in June, I believe. But I'm not sure my question is, I, I understand in prison, it does take longer to get an attorney on the list on that. But in the county. They'll pretty much give you a call a day if you need 1 for an attorney, I think he was in because he specifically mentioned the phone. Being able to get on and I think the trial court was like, I can't control those things, but he did give him 60 days. 5757. Sorry. Okay, page 12 defendants reply brief. He suggested Simpson was a modification of vapor and Johnson state disagrees. It's set out in the brief. I hope it's not confusing. It probably is. Um, but ultimately. State's position is Cleveland exploited the language Martin ran with that reasoning. And the ultimate result is Martin's mechanical rule. Which it's state's position is entirely inconsistent with Hayes is holding that although it is preferable. To admonish when a waiver is accepted failure to do so is not fatal. Whenever sufficient basis for concluding that the purpose of rule 401 was not otherwise frustrated. So, when do you think the trial judge properly complied with rule 401 at the hearing or at the. Pre trial hearing, or the follow up 7 days later, when was 401 substantially complied with. I believe, okay, substantially complied with or any, any compliance. 817, August 17. that's when he went through about everything, but he did not have in his memory banks. The since he arranged for the lesser offenses, he followed up with those on the 24th. And then on the 22nd. When the defendant showed up. Okay, let me stop for a minute, let's assume that the trial court should admonish him on. February, 22nd, you should have managed him again is mechanically required to do so. The defendant had just argued his crankle hearing. And during his arguments of the crankle hearing, he complained. That he had just been convicted of a home invasion that should have been charges domestic battery and now he's facing 30 to 60 year sentence. The trial court clarified said, well, actually, it's. 6 to 30, the extent would be 30 to 60. and then after that is when. Defendant fired Tyson, so that so, if the truck would have been required to admonish him fully, right? Then it would have been. As you just told me, you're facing a. 30 to 60 year sentence if it's extended 6 to 30. You've been convicted of the charges, so you'd have to modify and say, you now stand convicted. You're not facing the charges are now convictions. So it would seem. Superfluous, I guess, does this repeat what had just been repeated. When he can sit there and he can look at him and say, I know he knows what he's talking about. He know he thought it was. 30 to 60. okay. I clarified that, but he had this working knowledge and there's a theme throughout the record. I think you'll see. He had this working knowledge of the offenses, or at least the main offense and the sentences he faced because he was trying to constantly, even in white county at the sentencing hearing. Trying to constantly convince whoever would listen, the state's not going to be able to prove the unauthorized entry element. Because I used to live with my grandpa, I used to live with the victim. So, I'm running out of time here, but. The hypothetical, I, he would have to admonish him on February 22nd. I think brings full circle. To the observation and Davis versus United States, which decided in Baker. That a requirement that repeatedly advising defendant of that, which he is already aware makes neither good law nor good sense. And I just asked if you affirm the trial court's judgment. Thank you. Thank you. Mr. Marshall. Mr. Whitney, you're on mute. Thank you, your honor 1st of all, with respect to justice Vaughn's question. Yes. Mr. Holloway was in custody at the time. He was temporarily in the jail for the hearing itself, but he asked if he could stay in the jail precisely because that would have made things easier to contact. Perspective private counsel, and the court refused that request saying it was, it would be too difficult. He was going back into and it was in that context. That he then made the request for at least. 60 days, which, of course, he did not actually. Yeah, I also want to correct opposing counsel on a point. There was no request for continuance. If there had been a request for a continuance. That would at least have a little more similarity to some of the case law in which the state relies, but it wasn't even a request for a continuance. The court had to schedule the post trial motion and sentencing hearing in any event. It then asked the defendant how much time he needed. The defendant gave the answer at least to 60 days, and the court did not give him at least 60 days. Obviously, there's a difference between at least and about at least being the bare minimum, and he didn't get the bare minimum that he explicitly requested. With respect to being admonished. About the most important part of the sentence. Yes, that did occur 6 months prior. But it is very significant in this case, the potential sentences for the other offenses and the extended term sentences that he could have been that he could have that could have applied in this case. Because, whereas it is true that at the. Pre trial hearing, or excuse me at the. At the pre trial hearing at 1 point, Mr. Holloway did express his understanding that he could get 30 years at 80, 85%. The reality is, it could have been a lot more than that. With the extended term sentencing and with the aggravated battery. And the criminal damage to property that could potentially tack on an additional 8 years. So, which he, in fact, got. So, in a case like this, you know, where, where the defendant at the time is being admonished said he understood. Yeah, I could get 30 years at 85%. It was, it could really be significantly more than that. If the court had given him the wake up call. Hey, it could be a lot more than that. The state even argued it sentencing that it could in the alternative give them 40 years on the home invasion charge. As well, as the up to 8 on the other 2 charges. If he had been given that wake up call before, it might have changed his decision about deciding to go without. Assigned counsel also, I did want to point out with respect to the incomplete admonitions that were given to him. Rule 401 does say that in in going over the penalties with the client, this includes the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences. So, it is important to review the extended sentencing range. That's part of the requirements of the rule. And that was that was not done here in this case. The court expressed that when it did admonish him, the court expressed uncertainty about that. It expressed uncertainty about whether it be 50% or 85% and as a matter of fact, it actually misinformed in by telling Mr. Holloway that that would be up to the discretion of when in fact, the 85% was mandated by statute. So, there were some flaws in in the rule 401 admissions admonitions that Mr. Holloway received 6 months before it actually mattered. So, when you look at the totality of this. The incomplete admonitions that were given 6 months prior to when it actually mattered. The lack of sophistication, the evident lack of sophistication that cries out from the entirety of this record of this particular defendant and the fact that the court did not honor his reasonable request. For a post trial period of time to hire private counsel when he was already incarcerated and already convicted. This was unreasonable. There was an abuse of discretion on that issue and reviewing DeNova. There was not compliance with rule 401 accordingly. We respectfully request to record to vacate the denial of his post trial motion and remand for new post trial and sentencing proceedings. Thank you. Thank you, Mr. Whitney. Thank you, Mr. Marshall. Justice Walsh. Any questions? No question. Justice Vaughn. Sorry, no questions. Okay. Got a meeting going on outside my.